# Eastern Kentucky Home Telephone Company v. Charles.

(Decided April 20, 1926.)

Appeal from Pike Circuit Court.

Appeal and Error—Where Evidence Raised Question of Fact, Whether Telephone Poles Delivered Complied with Contract, and no Error was Committed, Judgment Will be Affirmed.—In action to recover balance due on contract to purchase telephone poles, where evidence raised question of fact, whether poles delivered complied with contract, and no error was committed, judgment will be affirmed.

O. A. STUMP for appellant.

DAUGHERTY & BARRET for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Eastern Kentucky Home Telephone Company, was and is owned and controlled solely by Mrs. Stella Starkey. On the 8th of March, 1923, the company entered into a written contract with appellee, Victor Charles, whereby it purchased from him 1,000 chestnut telephone poles of named dimensions at $4.00 per pole, to be delivered along the public highway between Shelby, in Pike county, and Jenkins, in Letcher county. The specifications required the poles to be 25 feet long, of chestnut, class A and B, straight, sound poles, measuring not less than six (6'') inches at the top. Pursuant to the contract appellee, Charles, delivered 1,000 poles of the size and description mentioned in the contract along the public highway between Shelby and Jenkins, so he testified. The poles were inspected by the agent of Mrs. Starkey, sent by her for that purpose, who reported to Mrs. Starkey that 1,000 poles, of the kind described in the contract, had been properly delivered, whereupon she paid to appellee, Charles, $2,000.00 in cash upon the contract, and at the same time endorsed his promissory note to the bank for $1,000.00. Later she was required by the bank to pay the note of $1,000.00 for Charles, and did pay it. This suit was then instituted by Charles against the Home Telephone Company, owned by Mrs. Starkey, to recover $1,000.00, the balance due upon the contract. She defended upon the ground that her agent, Baird, and appellee, Charles, entered into a fraudulent

conspiracy to cheat and defraud her, and in pursuance to the arrangement between the two, appellee Charles and her agent, reported to her that 1,000 telephone poles of the dimensions specified had been delivered along the right of way, whereas only a very few poles of the required size and length had been delivered and less than 1,000 poles of any character had been delivered, and that she, relying upon the statement of her agent and appellee, Charles, advanced $2,000.00 and later paid the note of Charles for an additional $1,000.00 to the bank; that the poles delivered were not the character of poles contracted for by her and were not worth as much as she had already paid. Issue being joined a jury trial was had, resulting in a verdict in favor of appellee, Charles, on which judgment was entered. Appellant filed motion and ground for new trial, reading:

"First: Because the court erred in admitting incompetent evidence to go to the jury over the objections of the defendant, at the time.

"Second: Because the verdict of the jury is not sustained by sufficient evidence.

"Third: Because the court erred in giving instructions one and two offered by the plaintiff, and to the giving of which the defendant at the time excepted and still excepts.

"Fourth: Because the court erred in refusing to admit competent and relevant evidence offered by the defendant, to which ruling of the court the defendant at the time excepted.

"Fifth: Because the judgment does not conform to the verdict of the jury."

This motion was overruled, and the telephone company appeals.

R. A. Braid was the agent of Mrs. Starkey, and, acting for her, accepted the telephone poles from appellee, Charles. In brief of counsel for appellant it is said:

"Mr. Braid went upon the ground, as he claimed, and fell into company with Victor Charles, and came to the office of Mrs. Starkey and reported that they had put and delivered 1,000 poles according to the contract, and Mrs. Starkey paid then $2,000.00 on the contract, and endorsed a note for Victor Charles for $1,000.00, making $3,000.00 she had paid and obligated herself to pay, and afterwards did pay the

$1,000.00 note to the bank; Charles was insolvent and Mrs. Starkey was compelled to pay it as an accommodation endorser for Charles; soon after she had paid the $3,000.00 it came to her knowledge that none of the poles furnished by Charles could be used by her; they were crooked and knotty, and were as big at one end as they were at the other, and only 25 to 30 of them were class 'A' and 'B;' she refused to pay the remaining $1,000.00, and this suit was brought.''

It seems to be Mrs. Starkey's contention that appellee, Charles, obtained money from her for the poles by fraud and misrepresentation, and that she has fully paid him for all the poles furnished, they being smaller and less straight than those called for in the contract. Appellee, Charles, introduced evidence to prove that he furnished 1,000 chestnut telephone poles, 25 feet long, straight and sound, measuring not less than six (6") inches at the top, and that these poles were delivered at the place designated in the written contract. Several witnesses testified in support of his contentions. On the other hand Mrs. Starkey testified for the company of which she was the sole owner that the poles furnished by Charles were not the kind called for in the contract; that only about thirty-two (32) of the poles came up to the specifications, but admitted that she only inspected them from the rear end of a train passing along where they were distributed. However, she had an agent inspect the poles for her and his evidence supported that of Mrs. Starkey. These facts were submitted by the court to the jury trying the case by instructions of which no complaint is made, and the jury found for appellee, Charles. In submitting the case to the jury the court in substance said, that if the jury believed from the evidence that the plaintiff, Victor Charles, furnished the defendant at the point designated by the defendant, Stella Starkey, between Shelby, in Pike county, and Jenkins, in Letcher county, 1,000 telephone poles, class ''A'' and ''B,'' 25 feet long, six inches at the top, straight and sound, you will find for the plaintiff the sum of $2,000.00, subject to a credit of $1,000.00. The court further instructed the jury that if it believed from the evidence that the plaintiff failed to place 1,000 chestnut telephone poles, class ''A'' and ''B,'' six inches at the top and 25 feet long, straight and sound, between Shelby, in Pike county, and Jenkins,

Letcher county, at points designated by defendant, Stella Starkey, as required by the contract, to find for the defendant, telephone company. The court also submitted the counterclaim of the defendant company for $3,000.00 to the jury. Only a question of fact was involved; if appellee, Charles, furnished the telephone poles according to the terms and specifications set out in the written contract, then he was entitled to recover $1,000.00, as awarded by the jury, but if he did not furnish such poles he was not entitled to such recovery, but the company was entilted to a verdict on its counterclaim. All this was submitted by the instructions given by the court to the jury.

We find no error warranting a reversal of the judgment, and it is, therefore, affirmed.

Judgment affirmed.